**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4095-18T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMES M. WATERS, JR.,

      Defendant-Appellant.

_____

Submitted November 18, 2020 – Decided December 31, 2020

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 15-05-0970 and 16-01-0155.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant James M. Waters appeals from a March 6, 2019, order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.

Defendant raises the following issue on appeal:

> POINT I:   TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO ADVISE DEFENDANT OF THE MANDATORY TWO-YEAR SUSPENSION OF HIS DRIVER'S LICENSE FOR THE DRIVING WHILE INTOXICATED CHARGE.

We affirm for the reasons stated by Judge Guy P. Ryan in his well-reasoned written opinion issued with the order.   We add the following comments.

Defendant was charged under two separate indictments with possession of a controlled dangerous substance, phencyclidine (PCP), N.J.S.A. 2C:35-10(a)(1), as well as five motor vehicle tickets, including driving while intoxicated (DWI), N.J.S.A. 39:4-50, from separate incidents.   He was also charged with various other drug offenses under a summons.

During a March 2017 plea hearing, defendant admitted he had ingested liquid PCP prior to driving his car in February 2015.   His car slid off the road, and police responded, finding defendant's bottle of PCP in the car.   He pleaded guilty to possession of PCP; DWI, which was a second offense for defendant; and to wandering to obtain a controlled substance, N.J.S.A. 2C:33-2.1(b), a

disorderly persons offense, which was amended and downgraded from an indictable offense.

During the plea hearing, defendant openly acknowledged that pleading guilty to the DWI offense could result in the loss of his driver's license "for anywhere from [six] months to [twenty-four] months" and that he would need to pay monetary penalties for the DWI and additional offenses.[1]

At sentencing, trial counsel informed the judge at sidebar that defendant sought to withdraw his guilty pleas because he "can't take the two years [license suspension]." On the record in open court, defense counsel asserted that he discussed the mandatory two-year loss of license with defendant, arguing that the license suspension would be "devastating." The sentencing court rejected defendant's informal request to withdraw the plea and imposed a two-year loss of driver's license as a result of the DWI, in addition to monetary penalties. Defendant was also ordered to spend forty-eight hours in a classroom-setting Intoxicated Driver Resource Center and was sentenced to thirty days of

---

[1] Although not a part of this appeal, defendant also pleaded guilty to the two summonses for wandering to obtain a controlled dangerous substance, which were downgraded from indictable offenses to disorderly persons offenses.

A-4095-18T1

community service. At its discretion, the court decided not to impose an interlock on defendant's motor vehicle.

In May 2018, defendant filed this petition for PCR, simply alleging "ineffective assistance of counsel," with no further specificity. In denying the petition, Judge Ryan noted that defendant had his driving privileges suspended twenty-one times and it was unclear whether defendant ever obtained a New Jersey driver's license. Judge Ryan emphasized that because the DWI charge at issue was defendant's second DWI conviction, defendant would have been notified at his first offense of the consequences of subsequent offenses. The record demonstrates defendant knew of the penalties, and that the first DWI was recent enough in time to the second DWI for defendant to be on sufficient notice of the enhanced penalty.

In response to defendant's contention that his constitutional rights had been implicated by alleged lack of information, Judge Ryan stated that even if there had indeed been deficient advisement, the prior conviction could only be barred from enhancing defendant's incarceration period—it would have no effect on the mandatory driver's license suspension component of defendant's penalty. (citing State v. Hrycak, 184 N.J. 351, 358 (2005) (explaining that a prior uncounseled conviction for DWI cannot increase a "defendant's loss of liberty"

but that "enhanced administrative penalties and fines may constitutionally be imposed . . .")).

Finally, the court concluded defendant's assertions were not sufficient to meet the <u>Strickland/Fritz</u>[2] standard for ineffective assistance claims. Based on our review of the record, we discern no error requiring us to disturb the denial of the petition nor the denial of a motion for a new trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>State v. Fritz</u>, 105 N.J. 42 (1987) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial).

A-4095-18T1